UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 0:14-cv-61312-ROSENBERG/BRANNON

KENNETH FRANK,

    Plaintiff,
v.

PADDY'S INHERITANCE, INC., NICK COMSA,
PATRICIA A. DENLY, and STEVEN DELEON,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION FOR BILL OF COSTS AND GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES IN PART

**THIS CAUSE** is before the Court upon Defendants' Motion for Bill of Costs [DE 77] and Motion for Attorney's Fees [DE 80]. The Court has considered the Motions and the record in this case, and is otherwise fully advised in the premises. For the reasons discussed below, the Motion for Bill of Costs [DE 77] is **GRANTED**, and the Motion for Attorney's Fees [DE 80] is **GRANTED** in part and **DENIED** in part.

### I.    BACKGROUND

Plaintiff initiated this action in June 2014, alleging that Defendants had not allowed his service dog to enter their restaurant with him. *See* DE 1. In November 2014, a discovery dispute arose between the parties. *See* DE 33-36. On November 7, 2014, following a hearing, Magistrate Judge Brannon ordered Plaintiff's deposition to take place on December 1, 2014. *See* DE 36. After Plaintiff failed to appear, Defendants moved for sanctions against Plaintiff due to his failure to comply with the November 7, 2014 order and his failure to appear at a duly noticed deposition; they requested that the case be dismissed and that they be awarded attorney's fees

1

and expenses. *See* DE 37. On December 10, 2014, this Court denied the motion without prejudice, insofar as it requested dismissal, but warned Plaintiff "that future violations of court orders may result in dismissal of his case." *See* DE 41. Insofar as the motion requested attorney's fees, the Court referred this issue to Magistrate Judge Brannon for appropriate disposition. *See* DE 42.

Magistrate Judge Brannon held a hearing on this issue and additional discovery disputes on December 29, 2014. *See* DE 43-44. Following the hearing, Magistrate Judge Brannon issued an order directing, *inter alia*: (1) Plaintiff to serve Defendants with his Sworn Answers to Interrogatories by 5:00 P.M. on January 5, 2015; (2) Plaintiff to appear for deposition on January 7, 2015 at 9:00 A.M. at Defendants' counsel's office; and (3): "[W]ith regard to Defendants' Motion for Fees (DE 37), Defendants' counsel may submit to the Court . . . an accounting of the fees and costs incurred as a result of Plaintiff's failure to attend his deposition; and the Court will determine, how much, if any, fees and costs will be awarded." DE 49 at 2 ¶ 4. Following this order, Plaintiff made further objections to the written discovery, which Magistrate Judge Brannon denied on January 7, 2015. *See* DE 52.

Upon notice of another dispute, Magistrate Judge Brannon scheduled another discovery hearing for January 23, 2015. *See* DE 53-54. However, Plaintiff failed to appear. *See* DE 55. "Defendants' counsel, who was present, advised [Magistrate Judge Brannon] that he unsuccessfully tried to contact Plaintiff" and "that Plaintiff has failed to supplement his answers to interrogatories and responses to requests for production, as previously ordered by" Magistrate Judge Brannon. *Id.* Magistrate Judge Brannon ordered Plaintiff to appear on February 2, 2015 and show cause for his failure to appear at the January 23, 2015 discovery hearing and to discuss

Defendants' outstanding discovery requests. *Id.* He warned Plaintiff that failure to appear at the show cause hearing, "or to otherwise comply with [Plaintiff's] ongoing discovery obligations, may result in the imposition of sanctions or entry of other appropriate recommendation to the District Court." *Id.*

Plaintiff failed to appear at the show cause hearing, and Magistrate Judge Brannon issued a second show cause order scheduling a second show cause hearing for February 13, 2015. *See* DE 56, 58. Plaintiff filed two written responses stating he had been "suffer[ing] a series of Panic attacks," was "unable to maintain normal everyday functions," and was "in the process of seeking a new doctor." DE 57. He requested 60 days to provide the written discovery responses he owed to Defendants, in order to obtain medical treatment. *See* DE 57 at 2 ¶ 5; DE 59 at 2 ¶ 6. In response to these filings, Magistrate Judge Brannon re-set the second show cause hearing for February 26, 2015. *See* DE 60. He ordered Plaintiff to "provide medical documentation of his medical issue(s) [that] prevent[ed] him from attending these hearings" by February 23, 2015, and that if Plaintiff did so, Magistrate Judge Brannon could allow Plaintiff to appear telephonically due to the medical issues. *Id.* at 2. Plaintiff failed to provide such documentation and failed to appear at the February 26, 2015 hearing. *See* DE 63.

On March 2, 2015, Magistrate Judge Brannon issued a Report and Recommendation ("R&R") recommending that the case be dismissed with prejudice due to Plaintiff's willful violation of court orders unless Plaintiff, in response to the R&R, provided some substantial support for his failure to appear and meet his discovery obligations. *See* DE 64. Magistrate Judge Brannon noted he was "willing to make accommodations, such as allowing Plaintiff to appear telephonically or providing extensions of discovery responses, due to a medical condition and

3

necessary treatment," but found Plaintiff had "refuse[d] to provide any proof of that condition." *Id.* at 4. Magistrate Judge Brannon also found Plaintiff had failed to appear for the latest hearing even when provided with the option of appearing telephonically. *Id.* This Court adopted the R&R and dismissed Plaintiff's complaint with prejudice. *See* DE 65.

Plaintiff thereafter filed an untimely objection to the R&R. *See* DE 66. He did not provide any documentation of the medical condition described in his previous motions. *Id.* He stated he "suffered from two physical injuries (spider bites) at the time of the hearings on the Orders to Show Cause" and that he "should not have to go through the grueling process of proving his disability again in this case." *Id.* at 2. Plaintiff also appealed the dismissal, but the appeal was dismissed for lack of prosecution. *See* DE 67, 72.

Defendants then filed the present motions for attorney's fees and costs. *See* DE 77, 80. After Plaintiff failed to timely respond to these motions, the Court ordered Plaintiff to show cause why the motions should not be granted. *See* DE 79, 81. Plaintiff failed to respond to the orders to show cause.

## II.     ANALYSIS

### A. Motion for Bill of Costs

Defendants' Motion for Bill of Costs seek a total of $2,546.60 in costs, representing: (1) $1,313.10 for "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; and (2) $1,233.50 for "Videographer appearance fee for December 1, 2014 deposition of [Plaintiff] ([Plaintiff] failed to appear) and "Videographer appearance fee for January 7, 2015 deposition of [Plaintiff]." *See* DE 77. Attached to the motion are invoices and bills showing how these costs were calculated. *See* DE 77-1.

4

"A court may only tax those costs which are specifically authorized by statute." *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *2 (S.D. Fla. July 30, 2010), *report & recommendation adopted*, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010). "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs under 28 U.S.C. § 1920(2). Additionally, "[n]umerous courts have ruled that court reporter appearance fees are properly taxable as costs" on the grounds "that it is necessary for the court report to appear and record the testimony, and then to subsequently prepare the deposition transcript." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013). "Courts in this District, however, have declined to award costs for court reporter delivery fees and handling charges." *Id.* at 1259.

Based on this case law, this Court finds the requested videographer appearance fees to be recoverable. However, based on the invoices provided, $47.80 of the requested fees represent shipping and handling costs, which are not recoverable. Accordingly, the Court will enter judgment for Defendants for recoverable costs of $2,498.80.

**B. <u>Motion for Attorney's Fees</u>**

    **1. Entitlement to Fees**

Defendants seek attorney's fees under Federal Rule of Civil Procedure 37(d) and this Court's inherent power. *See* DE 80. Rule 37(d)(1)(A) authorizes a court to impose sanctions if (i) "a party . . . fails, after being served with proper notice, to appear for that person's deposition" or (ii) "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Sanctions for this behavior may include dismissal of the action. *See* Fed. R. Civ. P. 37(d)(3) ("Sanctions

5

may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)"); Fed. R. Civ. P. 37(b)(2)(A)(v) (sanctions may include "dismissing the action or proceeding in whole or in part"). Furthermore, Rule 37(d)(3) provides:

> *Instead of or in addition to* these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3) (emphasis added). Similarly, Rule 37(b) authorizes a court to impose sanctions for failure to obey a discovery order, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Like subdivision (d), subdivision (b) of Rule 37 generally requires a court to impose attorney's fees on the offending party, in addition to these sanctions:

> **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(C).

Based on the findings in Magistrate Judge Brannon's R&R, *see* DE 63, which are supported by the record, the Court finds that Defendants are entitled to recover attorney's fees under Fed. R. Civ. P. 37(b) and (d) because Plaintiff failed to appear for a scheduled deposition on December 1, 2014, as he had been ordered to do by Magistrate Judge Brannon on November 7, 2014, and failed to respond to written interrogatories, as he had been ordered to do by Magistrate Judge Brannon on January 7, 2014. Plaintiff further failed to appear at show cause hearings to explain these failures, as he had been ordered to do by Magistrate Judge Brannon on

6

multiple occasions. Accordingly, Defendants are entitled to recover attorney's fees as a sanction based on this behavior.

### 2. Amount of Fees

#### a)  Fees incurred as a result of Plaintiff's failure to comply

Defendants seek $16,188 in attorney's fees, representing 39.40 hours expended by counsel at a rate of $395 per hour, and 5.25 expended by counsel's paralegal, at a rate of $125 per hour. *See* DE 80-1 at ¶ 16. These fees represent the time Defendants' counsel expended on the entirety of the case. *See* DE 80-1 at 6-11. The Court finds, however, that Defendants are only entitled to recover fees "caused by" Plaintiff's failure to comply with his discovery obligations *See* Fed. R. Civ. P. 37(d)(3) (requiring court to award fees and causes "caused by the failure" to comply); *see also Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985) (because "[t]he plain language of Rule 37 . . . provides that only those expenses, including fees, caused by the failure to comply may be assessed against the noncomplying party" the district court abused its discretion by "assess[ing] attorney's fees under Rule 37 for discovery matters that were not related to Batson's failure to comply with the court's orders").

Upon careful review of Defendants' detailed time records and the Court file, the Court finds that Defendants are only entitled to recover fees for time expended after November 7, 2014, which is the date on which Magistrate Judge Brannon ordered Plaintiff to appear for deposition, and Plaintiff subsequently failed to do so. *See* DE 36-37. The Court further excludes time Defendants' counsel spent preparing Defendants' discovery responses[1] and communicating

---

[1] Entries for time spent preparing Defendants' discovery responses, which the Court finds non-recoverable, are: (1) "11/11/2014 AK Email from Steve DeLeon with verified answers to Interrogatories (verified by DeLeon and Denly and also on behalf of Paddy's Inheritance)," DE 80-1 at 8; (2) "11/12/2014 AK Email to Kenneth Frank with verified answers to interrogatories (verified by DeLeon, Denly and on behalf of Paddy's Inheritance)," DE 80-1 at 9; (3)

7

with the clients regarding the status of the case.[2] The Court finds these expenses were not incurred due to Plaintiff's failure to comply with his discovery obligations. The Court finds that these non-recoverable attorney's fees total $7,250.00. Subtracting these fees from Defendant's requested amount of $16,188.00, the Court finds Defendants are entitled to recover $8,938.00 in attorney's fees.

### b) Lodestar Analysis

Courts utilize the lodestar approach to determine whether a requested amount of fees is reasonable. *See, e.g., Sutton v. Singh*, No. 6:12-cv-1254-Orl-28TBS, 2013 WL 5673475 (M.D. Fla. Oct. 17, 2013). Using this approach to "calculate[e] a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'" *Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review–the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 932 (11th Cir. 2008).

### 1) Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

---

"11/14/2014 AK Email to Nick Comsa with answers to Interrogatories to sign, have notarized and return to us," DE 80-1 at 9.

[2] Entries for time spent communicating with the client, which the Court finds non-recoverable, are: (1) "12/3/2014 DRL call with client regarding; status," DE 80-1 at 9; and (2) "1/15/2015 DRL meeting with client regarding status," DE 80-1 at 10.

*Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. "A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

The attorney's fees requested by Defendants represent a rate of $395 for counsel Daniel R. Levine and $125 per hour for a paralegal. *See* DE 80-1 at 4 ¶ 16. Defendants have also submitted an affidavit from counsel outlining his credentials. *See* DE 80-1 at 1-5. The Court finds the requested rates to be reasonable. *See, e.g., Brother v. BFP Investments, Ltd.*, 2010 WL 2978080, *7-8 (S.D. Fla., July 26, 2010) ($425 hourly rate reasonable for attorney practicing 24 years and concentrating in area of ADA litigation).

### 2) Reasonable Number of Hours Expended

In determining the hours reasonably expended, the Court must ensure that "excessive, redundant or otherwise unnecessary" hours are excluded from the amount claimed. *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Id.* As the Eleventh Circuit has explained:

> Excluding excessive or otherwise unnecessary hours under the rubric of "billing judgment" means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.

9

*Id.* For example, "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Id.* at 1306.

Defendants' counsel has submitted detailed billing records showing how the hours for which he requests fees were expended. *See* DE 80-1 at 6-11. Upon review of these records and the record in this case, the Court finds the number of hours expended to be reasonable, when the hours not incurred by reason of Plaintiff's failure to comply with discovery obligations is subtracted, as discussed *supra*.[3]

### III.   CONCLUSION

Based on the above analysis, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Bill of Costs [DE 77] is **GRANTED** and Defendant's Motion for Attorney's Fees [DE 80] is **GRANTED** in part and **DENIED** in part. The Court will enter a separate final judgment consistent with this order.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 30th day of November, 2015.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Plaintiff has failed to challenge the reasonableness of the hourly rate or the number of hours expended, because he failed to respond to the motion or this Court's order to show cause. *See* Local Rule 7.1(c) (failure to serve an opposing memorandum may be deemed sufficient cause for granting the motion by default).